UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE MALLY, Individually and on Behalf of All others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ALBERT LEUNG,<br><br>Defendants | ) Civil Action No. 1:07-cv-7097 (DLC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| MILTON PFEIFFER, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ALBERT LEUNG,<br><br>Defendants | ) Civil Action No. 1:07-cv-7252 (DLC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

(additional captions listed on the following page)

**[PROPOSED] ORDER**

| | |
|---|---|
| ISAAC FISHMAN, Custodian for the IBF Foundation, | ) Civil Action No. 1:07-cv-7312 (DLC) ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| QIAO XING UNIVERSAL TELEPHONE, INC., WU RUI LIN, WU ZHI-YANG, ALBERT LEUNG, SONNY KWOK WING HUNG, ZE YUN MU, YI HONG ZHANG, Grobstein Horwatht Co. LLP | ) ) ) ) ) ) |
| Defendants. | ) |
| MICHAEL LOCKE, On Behalf Of Himself And All Others Similarly Situated, | ) Civil Action No. 1:07-cv-7693 (DLC) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| QIAO XING UNIVERSAL TELEPHONE, INC., WU RUI LIN, WU ZHI-YANG, ALBERT LEUNG, SONNY KWOK WING HUNG, ZE YUN MU, YI HONG ZHANG, Grobstein Horwatht Co. LLP | ) ) ) ) ) ) |
| Defendants. | ) |
| REUVEN LAPIN, On Behalf Of Himself And All Others Similarly Situated, | ) Civil Action No. 1:07-cv-7829 (DLC) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ALBERT LEUNG, | ) ) ) |
| Defendants. | ) |

WHEREAS, a putative class action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") was filed on August 9, 2007.

WHEREAS, in accordance with the provisions of Section 21D(a)(3)(A)(i) of the Exchange Act, on August 9, 2007, a notice was published over MARKET WIRE, a widely circulated national business-oriented wire service, advising class members of the pendency of the action, the claims asserted therein, the purported class period, and their right to move this Court to be appointed lead plaintiff.

WHEREAS, pursuant to Section 21D of the Exchange Act, any purported class member desiring to be appointed lead plaintiff was required to have filed a motion for such appointment on or before October 9, 2007.

WHEREAS, the above-captioned actions involve common questions of law and fact.

WHEREAS, PELO a.s. ("PELO") filed a timely motion to be appointed Lead Plaintiff of a class of all persons or entities who purchased or otherwise acquired Qiao Xing common stock during the period June 30, 2004 to July 16, 2007, inclusive (the "Class Period").

WHEREAS, PELO has the largest financial interest of a plaintiff in the relief sought.

WHEREAS, PELO otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS, the PELO, in accordance with Section 21D(a)(3)(B)(v) of the Exchange Act, has sought approval of its selection of Murray, Frank & Sailer LLP Lead Counsel for the class.

**IT IS HEREBY ORDERED** as follows:

1. The above-captioned actions are consolidated for all purposes to be captioned as follows:

-------------------------------------------------------------X

In re QIAO XING SECURITIES LITIGATION    :    Civil Action No. 1:07-cv-7097 (DLC)

-------------------------------------------------------------X

2. PELO is appointed Lead Plaintiff for the Class; and

3. PELO's selection of Murray, Frank & Sailer LLP as Lead Counsel for the Class is approved.

                                              **SO ORDERED**

                                           _____
                                           United States District Judge

Dated: _____